UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| QG ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-154-CCS |
| | ) | |
| BANK OF AMERICA, NATIONAL ASSOCIATION, and JERRY A. BRIDENBAUGH, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 8].

Now before the Court are the following Motions:

1. The Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c) [Doc. 10];

2. The Plaintiff's Motion to Strike Defendants' Motion to Dismiss [Doc. 14];

3. The Plaintiff's Motion to Amend Complaint [Doc. 17]; and

4. The Plaintiff's Request for Oral Argument on Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c) [Doc. 22].

The Motions are now ripe for adjudication. Accordingly, for the reasons explained below, the Court **DENIES WITHOUT PREJUDICE** the Defendants' Motion to Dismiss [**Doc. 10**], **DENIES AS MOOT** the Plaintiff's Motion to Strike [**Doc. 14**], **GRANTS** the Plaintiff's Motion

to Amend [**Doc. 17**], and **DENIES AS MOOT** the Plaintiff's Request for Oral Argument [**Doc. 22**].

I.   **POSITIONS OF THE PARTIES**

The Court will summarize the Motions in the order in which they were filed.

   A.   **Motion to Dismiss**

With respect to their Motion to Dismiss [Doc. 10], the Defendants argue that they have not violated any statutes or contracts, and therefore, there is no wrongful foreclosure. The Defendants assert that the Complaint names Defendant Jerry Bridenbaugh as the Substitute Trustee that conducted the foreclosure of the property but that the actual trustee is Mackie Wolf Zientz & Mann, P.C., and not Defendant Bridenbaugh. The Defendants contend that the Plaintiff has named the wrong party. Further, the Defendants assert that even if the Plaintiff had named the correct party, no liability would attach to the trustee due to the protections afforded by Tennessee Code Annotated § 35-5-116(f). The Defendants assert that the trustee relied upon information provided by a third party report and acted accordingly by sending notice to all interested parties as shown on the report. In addition, the Defendants submit that there was proper notice of the foreclosure sale. The Defendants also argue that the Plaintiff has failed to state a claim for violation of the Fair Debt Collection Practices Act.

The Plaintiff responds that the trustee is liable for injuries sustained by the Plaintiff as a result of the failure to comply with Tennessee Code Annotated § 35-5-101 *et seq.* The Plaintiff argues that it was not provided proper notice, and is an interested party, and the failure to provide notice of a foreclosure sale to the interested parties renders the trustee liable for injuries sustained by those parties who were not given notice. While the Defendants state that the trustee is not liable because he acted in good faith by relying on a report prepared by Altisource, the Plaintiff contends

that Altisource is not a secured party or borrower. The Plaintiff asserts that it did not receive notice of the foreclosure sale. Finally, the Plaintiff argues that it should be allowed limited discovery regarding the grounds of the foreclosure sale and that if the Court determines the merits of the Defendants' Motion, the Court should consider it as a motion for summary judgment.

The Defendants filed a reply [Doc. 21] asserting that they complied with Tennessee Code Annotated § 35-5-101 *et seq.*

### B. Motion to Strike

In response to the Defendants' Motion to Dismiss, the Plaintiff also filed a Motion to Strike [Doc. 14] stating that the Defendants failed to comply with the Court's Order governing motions to dismiss. The Plaintiff states that the Order makes it abundantly clear that motions to dismiss filed without the certification of a meet and confer are subject to being stricken. Further, the Plaintiff asserts that the Defendants attached materials to their Motion to Dismiss that are not in the pleadings. The Plaintiff submits that the Motion should be converted into a motion for summary judgment and that the Plaintiff should be given sufficient time to conduct any necessary discovery prior to filing a response.

The Defendants argue [Doc. 19] that they filed a motion pursuant to Rule 12(c) and that the Court's Order dated April 23, 2017, does not mention Rule 12(c), nor does it mention a motion for judgment on the pleadings. Further, the Defendants submit that the documents attached to their Motion to Dismiss were mentioned in the Complaint and central to the Plaintiff's claim.

### C. Motion to Amend

The Plaintiff's Motion to Amend [Doc. 17] requests that it be granted leave to file an Amended Complaint to add Mackie, Wolf, Zientz and Mann, P.C. as a defendant, to remove Jerry A. Bridenbaugh as a defendant, and to allege various additions and/or modifications to the facts

3

and claims. The Plaintiff argues that the case is in its very early stages, discovery has not commenced, and a scheduling order has not been entered. The Plaintiff states that Federal Rule of Civil Procedure 15 contemplates that the Court should freely grant leave to file an amended complaint when the interests of justice so require. The Plaintiff attached a proposed Amended Complaint to its Motion in accordance with Local Rule 15.1. Finally, the Plaintiff repeats its arguments made in its Motion to Strike.

The Defendants filed a Response [Doc. 20] arguing that regardless of who was named trustee, the sale was held in good faith and the Plaintiff received notice of the sale. The Defendants assert that the proposed amendments do not mitigate the failures of the Complaint. The Defendants contend that notice was mailed to the Plaintiff's address and that the Defendants have provided cases that directly support their argument.

### D. Request for Oral Argument

The Plaintiff requests [Doc. 22] oral argument on the Defendants' Motion to Dismiss. The Plaintiff asserts that oral argument will be valuable in affording the attorneys an opportunity to further explain their positions in the form of argument and response.

## II. ANALYSIS

The Court has considered the parties' filings, and for the reasons stated below, the Court will grant the Plaintiff's Motion to Amend and deny the Defendants' Motion to Dismiss with leave to refile.

With respect to the Plaintiff's Motion to Amend, Federal Rule of Civil Procedure 15(a)(2), provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Here, the Court notes that Plaintiff filed its Motion to Amend in the early stages of litigation and the Motion

complies with the Court's Local Rules. *See* E.D. Tenn. L.R. 15.1 ("A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion."). Given the liberality of Federal Rule of Civil Procedure 15(a)(2), the Court will allow the Plaintiff to amend its Complaint to allege the additional allegations and name the proper party. *See* Fed. R. Civ. P. 15(a)(2). Further, while the Defendants assert that the amendments are futile, the Court notes that any dispositive issues can be raised in further motion practice. *See Wiggins v. Kimberly-Clark Corp.*, No. 3:12-cv-115, 2014 WL 1267574, at *2 (E.D. Tenn. Mar. 26, 2014) (allowing plaintiff to amend the complaint while noting that the related issues raised in the parties' briefs can be addressed through the filing of appropriate motions after the plaintiff files an amended complaint).

With respect to the Defendants' Motion to Dismiss, the Court will deny the Motion with leave to refile. Before the case was consented to the undersigned, Judge Jordan issued an Order [Doc. 3] that requires the parties to meet and confer before filing a Rule 12(b) motion. The Order states that a "motion to dismiss must be accompanied by a notice indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading and have been unable to agree that the pleading is curable by a permissible amendment." [*Id.*]. The Order further explains, in all caps and in bold typeface, "**MOTIONS TO DIMISS THAT DO NOT CONTAIN THE REQUIRED CERTIFICATION ARE SUBJECT TO BEING STRICKEN**." [*Id.*].

The Defendants' Motion does not include the required certification, and therefore, does not comply with the Court's Order. While the Defendants assert that their Motion to Dismiss is not a Rule 12(b) Motion, the Court notes that it is styled as a "Motion to Dismiss," despite its reference to Rule 12(c). Moreover, the Defendants assert in their Motion to Dismiss, "Plaintiff has failed to state a claim upon which relief can be granted." [Doc. 10 at 2]. Accordingly, the Defendants' Motion does not comply with the Court's Order.

Further, in addition to not complying with the above Order, the Court notes that the Defendants' Motion to Dismiss, in part, asserts that the Plaintiff has named the wrong party, but Amended Complaint corrects this deficiency. While the Defendants also assert that the amendments do not cure other deficiencies, the Court finds that the best course of action is to allow the Plaintiff to amend its Complaint and allow the Defendants to engage in further dispositive motion practice. Accordingly, the Court will deny the Defendants' Motion with leave to refile. If the Defendants choose to refile their Motion, they **SHALL** provide a factual narrative regarding the property's transactional history (in chronological order) including the specific involvement (*i.e.,* dates, type, role, and amounts) of Bank of America, Roswell Properties, LLC, Community South Bank, Brad Fitch, QG Enterprises, various trustees and substitute trustees, occupants of 1906 Herron Cove Drive, MERS, Inc., Merrill Lynch Bank, JoAnne Gibbs, Chris Gibbs, One West Bank, Cornerstone Tittle Services, Independent Banking, Craig Neslage, Shaun Shanks, and any other entities or persons involved in transactions regarding this property since 2002.

### III. CONCLUSION

Accordingly, for the reasons cited above, the Court **ORDERS** as follows:

1. The Defendants' Motion to Dismiss [**Doc. 10**] is **DENIED WITHOUT PREJUDICE**. The Defendants may refile their Motion within 14 days after the Plaintiff files its Amended Complaint. If the Defendants choose to refile their Motion, they **SHALL** provide the factual narrative as outlined above. The Plaintiff **SHALL** file its response to any dispositive motion within 21 days. *See* E.D. Tenn. L.R. 7.1;

2. The Plaintiff's Motion to Strike [**Doc. 14**] is **DENIED AS MOOT;**

3. The Plaintiff's Motion to Amend [**Doc. 17**] is **GRANTED**. The Plaintiff shall file its Amended Complaint on or before **August 15, 2017**; and

4. The Plaintiff's Request to for Oral Argument on Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c) [**Doc. 22**] is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

ENTER:


  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge