UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| QG ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-154-DCP |
| | ) | |
| BANK OF AMERICA, NATIONAL | ) | |
| ASSOCIATION, and | ) | |
| MACKIE, WOLF, ZIENTZ & MANN, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the

Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings,

including entry of judgment [Doc. 8].

Now before the Court is Defendants' Motion for Summary Judgment [Doc. 28] and

Defendants' Motion to Dismiss [Doc. 34]. Plaintiff has not responded to either Motion, and the

time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be

deemed a waiver of any opposition to the relief sought."). Accordingly, for the reasons further

explained below, the Court **DENIES AS MOOT** Defendants' Motion for Summary Judgment

[**Doc. 28**] and **GRANTS** Defendants' Motion to Dismiss [**Doc. 34**].

## I.   BACKGROUND

Plaintiff filed its Complaint on March 22, 2017, in the Chancery Court for Knox County,

Tennessee, and Defendants removed [Doc. 1] the Complaint to this Court on April 21, 2017. On

July 10, 2017, the parties appeared before the Honorable C. Clifford Shirley, Jr., for a scheduling

conference.[1]  Attorney Keith Edmiston appeared on behalf of Plaintiff.  Attorney Robert Lieber, Jr., appeared via telephone on behalf of Defendants.  During the hearing, the Court determined that it would rule on the pending motions and then set a scheduling conference at a later date, if necessary.  [Doc. 23].  Thereafter, the Court ruled on the pending motions.  [Doc. 24].  Specifically, the Court denied Defendants' motion to dismiss without prejudice and allowed Plaintiff to file an amended Complaint.  [*Id.*].

Plaintiff filed an Amended Complaint on August 1, 2017.  The Amended Complaint [Doc. 25] seeks to set aside a foreclosure sale of property known as 1906 Heron Cove Drive, Knoxville, Tennessee 37922 ("Gibbs Property") and/or for damages against the Trustee.  [*Id.* at ¶ 5].  The Amended Complaint alleges that Bank of America holds a first-position deed of trust on the Gibbs Property and that it requested foreclosure by the Trustee and was the beneficiary of the foreclosure sale.  [*Id.* at ¶ 6].  The Amended Complaint states that Plaintiff held a second-position deed of trust on the Gibbs Property, junior to that held by Bank of America at the time of the foreclosure sale and prior thereto.  [*Id.* at ¶ 7].  The Amended Complaint maintains that Plaintiff was a second-position lienholder pursuant to a purchase of the note and deed of trust of the previous second-position lienholder and pursuant to a bill of sale.  [*Id.* at ¶ 8].  Plaintiff attached the Simple Interest Fixed Rate Note/Disclosure and Security Agreement and the Deed of Trust as exhibits to the Amended Complaint.  [Doc. 25-1].

The Amended Complaint states that as a junior lienholder, Plaintiff was an interested party pursuant to Tennessee Code Annotated § 35-5-104(d) and that it did not receive notice of the sale as required by Tennessee Code Annotated § 35-5-101 *et seq.*  [Doc. 25 at ¶¶ 9-10].  The Amended Complaint states that Plaintiff was not included in the publication of the notice of sale as required

---

[1] Judge Shirley retired in February 2018.  Per Standing Order 18-02, Judge Shirley's cases were reassigned to the undersigned.

by Tennessee Code Annotated § 35-5-104(a)(1). [*Id.* at ¶ 11]. The Amended Complaint states that because Plaintiff did not receive notice of the foreclosure sale and was not identified in the publication advertising the sale, it suffered an injury and loss in the amount of the debt to Plaintiff secured by the Gibbs Property. [*Id.* at ¶ 12]. The Amended Complaint avers that due to the failure of the Trustee to comply with the advertisement and notice provisions of Tennessee Code Annotated § 35-5-101 *et seq.,* and the resulting injury and loss sustained by Plaintiff as a direct result thereof, the Trustee is liable for the injury to Plaintiff in the amount of Plaintiff's loss. [*Id.* at ¶ 13]. The Amended Complaint requests a judgment against the Trustee in the amount of the debt owed to it secured by the Gibbs Property, or in the alternative, a judgment from the Court setting aside the foreclosure. [*Id.* at ¶ 15].

The Court set a scheduling conference for November 14, 2017. Attorney Lieber appeared on behalf of Defendants. Plaintiff's counsel, however, did not attend the hearing. [Doc. 27]. On December 15, 2017, Plaintiff's counsel's license was placed on disability inactive status.[2] Subsequently, on February 13, 2018, Defendants filed a Motion of Summary Judgment [Doc. 28]. As mentioned above, Plaintiff did not respond to Defendants' Motion.

On May 31, 2018, the undersigned issued an Order [Doc. 29], noting that Plaintiff is no longer represented by counsel and is proceeding pro se. As stated in the Court's Order, the undersigned expressed concerns that this matter could not proceed on the merits given that Plaintiff is an entity without legal representation. [*Id.*]. The Court allowed Plaintiff forty-five (45) days to obtain new counsel. [*Id.*]. Subsequently, on July 13, 2018, Chris Gibbs, Plaintiff's managing member, filed a letter with the Court requesting additional time, up to and through August 31,

---

[2] http://www.tbpr.org/attorneys/7E8C13CB-41B2-E411-80D5-0050568F14C6.

2018, to obtain counsel. The Court granted the request in part [Doc. 33] and allowed Plaintiff until August 13, 2018, to obtain counsel. The Court also set a status conference for August 16, 2018.

On August 16, 2018, the Court held a status conference. No one appeared on behalf of Plaintiff. Attorney Lieber was present on behalf of Defendants. During the status conference, Defendants stated their intention to file a motion to dismiss given the circumstances, which would render their Motion for Summary Judgment moot. Defendants filed their Motion to Dismiss on August 16, 2018. As mentioned above, Plaintiff did not respond to Defendants' Motion.

## II.     POSITIONS OF THE PARTIES

In their Motion to Dismiss, Defendants assert that a corporation must be represented by counsel and that federal courts have the inherent power to manage their case, which includes the power to sanction the abuses of the judicial processes. Defendants state that other courts within the Sixth Circuit have dismissed cases where the plaintiff corporation was proceeding pro se. Defendants continue that there is no reasonable explanation for Plaintiff's delay in obtaining new counsel. Defendants assert that by failing to appear at the scheduled status conference, Plaintiff has shown disregard for the Court's Orders and a lack of interest in this case. Further, Defendants state that the Court has provided ample time for Plaintiff to obtain counsel and has warned Plaintiff that it may not proceed pro se. Defendants request that the action be dismissed with prejudice.

## III.    ANALYSIS

The Court has considered Defendants' Motion to Dismiss and the history of this case. Accordingly, for the reasons more fully explained below, Defendants' Motion for Summary Judgment [**Doc. 28**] is **DENIED AS MOOT** and Defendants' Motion to Dismiss [**Doc. 34**] is **GRANTED**.

Appearances in federal court are governed by 28 U.S.C. § 1654. Specifically, § 1654 states, "In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The statute, however, does not permit an individual to appear on behalf of a corporation. *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). As the Court explained in a previous Order, corporations cannot appear in federal court except through an attorney. *Id.* ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney.") (citing *Ginger v. Cohn,* 426 F.2d 1385, 1386 (6th Cir. 1970); *United States v. 9.19 Acres of Land,* 416 F.2d 1244, 1245 (6th Cir. 1969)); *see also Van Lokeren v. City of Grosse Pointe Park, Mich.*, No. 13-14291, 2014 WL 988965, at *7 (E.D. Mich. Mar. 13, 2014) ("[A] limited liability company also may appear in federal court only though a licensed attorney.") (internal citations omitted).

In a similar case, the Eastern District of Michigan dismissed an action filed by a pro se plaintiff on behalf of himself and a corporation, Passport Pizza. *Bischoff v. Waldorf*, 660 F. Supp. 2d 815 (E.D. Mich. 2009). Defendants moved to dismiss on the ground that plaintiff lacked standing and that Passport Pizza was not represented by an attorney. *Id.* at 818. The court noted that the Sixth Circuit does not allow corporations to appear unless represented by counsel. *Id.* at 820 (citing *Ginger*, 426 F.2d at 1386). The court reasoned that this rule "ensures that all interests in the corporate party are effectively represented." *Id.* In addition, the court noted that "a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court." *Id.* (quoting *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983)). The court ultimately granted defendants' motion to dismiss and held that Passport Pizza's claims must be litigated by a licensed attorney. *Id.* at 821.

In the present matter, the Court finds Defendants' Motion to Dismiss [Doc. 34] well taken. Plaintiff has been unrepresented since December 2017. On May 31, 2018, the Court warned Plaintiff that this matter could not proceed on the merits because a corporation must be represented by an attorney. The Court allowed Plaintiff until July 16, 2018, to obtain counsel. The Court later extended this deadline to August 13, 2018. The Court also scheduled a status conference for August 16, 2018, and no one appeared on behalf of Plaintiff. Defendants filed their Motion to Dismiss on August 16, 2018, and Plaintiff failed to respond. To date, no attorney has entered a notice of appearance on behalf of Plaintiff.

Given that Plaintiff has had sufficient time to obtain an attorney and has not done so, the Court finds it appropriate to **DISMISS** this matter. *See Washington Intern. Ins. Co. v. Dawkins Gen. Contractors and Supply Co.*, 129 F.3d 1266 (Table), 1997 WL 705243, at *2 (6th Cir. Nov. 4, 1997) ("This court found itself required to dismiss the corporation after several requests for designation of counsel went unanswered."); *see also Research Air, Inc., v. Kempthorne,* 589 F. Supp. 2d 1, 8 (D.C. 2008) ("As a preliminary matter, Research Air must be dismissed from this case because it is no longer represented by counsel."); *TruCore Assoc., Ltd. v. SSS Consulting, Inc.*, No. 3:05-cv-230, 2009 WL 10679559, at *5 (S.D. Ohio Jan. 15, 2009) (granting defendants' motion to dismiss for lack of prosecution, explaining that the court repeatedly informed plaintiff that it would not be permitted to proceed in this litigation without securing successor counsel"); *Dixon v. Albany Cty Bd. of Election*s, No. 1:08-CV-502 (GLS/DRH), 2008 WL 4238708, at *4 (N.D. N.Y. Sept. 8, 2008) (admonishing a pro se company that if it did not retain counsel within thirty days, "dismissal would ensure without further order of the court"). Accordingly, Defendants' Motion to Dismiss [**Doc. 34**] is well taken, and it is **GRANTED**.

**IV.     CONCLUSION**

Accordingly, for the reasons explained above, Defendants' Motion for Summary Judgment [**Doc. 28**] is **DENIED AS MOOT** and Defendants' Motion to Dismiss [**Doc. 34**] is **GRANTED**. A separate judgement will follow.

ORDER ACCORDINGLY:

Debra C. Poplin
United States Magistrate Judge